**In re Raymond Chester STINSON, Joanne Marie Stinson.**

**In re Charles Malcolm MAXWELL, Rhonda Rose Maxwell, Debtors.**

**Bankruptcy Nos. 380–02721, 381–02205.**

United States Bankruptcy Court, D. Oregon.

Sept. 29, 1982.

Magar E. Magar, Portland, Or., for debtor.

A. T. Bishop, Portland, Or., for trustee.

Robert K. Morrow, trustee.

## MEMORANDUM OPINION

HENRY L. HESS, Jr., Bankruptcy Judge.

In both of the above cases the same issue is presented. In each case the debtors filed a petition for relief under chapter 13 following which an order of confirmation was entered. Each case was later converted to a case under chapter 7 upon application of the debtors. Upon conversion trustees were appointed in each case. At the time of the filing of the petition for relief the debtors filed a statement of property which would be exempt under § 522(d). Subsequent to that time but prior to conversion the Oregon legislature enacted a statute "opting out" of the federal exemptions as authorized under § 522(b). Thus at the time of the filing of the petition for relief under chapter 13 debtors filing a petition for relief under chapter 7 were permitted to either claim the federal exemptions provided by § 522(d) or state exemptions under § 522(b)(2). However at the time of conversion of these cases to chapter 7, Oregon debtors filing a petition for relief under chapter 7 could only claim exemptions under § 522(b)(2). In each of the present cases the trustees contend that in the converted chapter 7 cases the debtors are limited to the exemptions which a chapter 7 debtor would have been permitted to claim on the date of conversion from chapter 13 to chapter 7 while the debtors contend that the applicable date for determining what exemptions may be claimed is the date upon which the petitions for relief under chapter 13 were filed.

Section 348(a) provides that, except for subsections (b) and (c), conversion does not effect a change in the date of "the filing of the petition, the commencement of the case, or the order for relief." Subsection (b) sets forth a number of sections of

the Bankruptcy Code under which "the order for relief under this chapter" means the conversion of the case to such chapter. None of these other sections relate to the matter of exemptions or to the matter of the property of the estate. Subsection (c) also has no relevance to the matters of exemptions and property of the estate. Subsection (d) provides that a claim against the estate or the debtors that arises after the order for relief but before conversion, other than a claim for administrative expenses, shall be treated for all purposes as if such claim had arisen immediately before the filing of the petitions. Thus under § 348(d) claims arising between the filing of the petition for relief under chapter 13 and the conversion to chapter 7 are treated as if a case under chapter 7 had been instituted on the date of conversion. Such claims would share in the estate on the same basis as claims owing at the time of the chapter 13 petition. Also the debtor would, in the converted case, be able to discharge the debts represented by such claims.

To consider what exemptions the debtor in a case converted to chapter 7 may claim, we must first determine what property becomes property of the estate in the chapter 7 case. Obviously there would be no necessity for the debtor to claim an exemption in property which is not property of the estate.

In chapter 13 upon confirmation all property of the estate vests in the debtor except as provided in the plan. § 1327(b). Section 541(a) provides that: "The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wheresoever located: * * *." The following subsections list types of property and property rights owned by the debtor "as of the commencement of the case" which comprise the estate. In a chapter 13 case converted to a chapter 7 case when was the case commenced? Is § 541 speaking of the chapter 13 case or the chapter 7 case? The court concludes that it must refer to the commencement of the case to which the original case was converted. If the court

were to conclude otherwise a debtor with substantial assets which would not be exempt in a chapter 7 case, could file a petition under chapter 13, obtain confirmation of a plan based solely upon payments to the trustee from future earnings, be revested with title to all of the non exempt property, convert his case to chapter 7, retain all of the non exempt property and obtain a discharge of not only those debts in existence at the time of the chapter 13 petition but also those incurred thereafter and prior to the conversion.

There is no provision in chapter 13 for claiming exemptions in property of the estate. The matter is cared for by § 1327(b) which revests title to all property of the estate in the debtor upon confirmation except to the extent that the plan may call for the use of such property to fund the plan. Interim Rule 13001 requires that the debtor in a chapter 13 case file a statement of the exemption law which would be selected and the property which would be claimed as exempt if the debtor's estate were liquidated under chapter 7. The purpose of this rule is to provide the information needed by the court to determine whether the debtor's plan complies with the requirements of § 1325(a)(4). Thus it cannot be said that by the filing of the statement required by Interim Rule 13001 the debtor has filed a claim of exemptions. Nor does the filing of the statement trigger Rule 403 of the Bankruptcy Rules which require the trustee to set apart such exemptions as are lawfully claimed, report such items to the court and to report to the court those exemptions claimed which are not allowable.

Having concluded that the property of the estate in chapter 7 case converted from a chapter 13 case is that property in which the debtor has an interest at the time of conversion to chapter 7, and having concluded that exemptions are not claimed in nor set apart in a chapter 13 case, the court further concludes that in a case converted from chapter 13 to chapter 7 it is appropriate that upon conversion the debtor then claim exemptions in the property of the

estate, i.e. the property in which the debtor at the time of conversion has an interest. The court also concludes that for the purpose of claiming exemptions in the chapter 7 case the law applicable to determine what property may be claimed exempt is the law in effect at the time of conversion to chapter 7.

Thus in the present cases, the debtors may only claim as exempt that property in which they had an interest at the time of conversion to chapter 7 for which the Oregon exemption statutes and for which Federal law, other than 11 U.S.C. § 522(e), made provision on the date of conversion.

Appropriate orders will be entered in each of the present cases.