735 F.2d 1087
 10 Collier Bankr.Cas.2d 1255, 12 Bankr.Ct.Dec. 81,
Bankr. L. Rep. P 69,890
 In re Layne A. LINDBERG and Barbara Jean Lindberg, Debtors.
Phillip D. ARMSTRONG, Trustee of the Estates of Layne A.
Lindberg and Barbara Jean Lindberg, Appellant,
v.
Layne A. LINDBERG and Barbara Jean Lindberg, Appellees.
 No. 83-1310.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 7, 1984.
Decided June 6, 1984.
Rehearing and Rehearing En Banc
Denied July 12, 1984.
 
 Irvin B. Nodland, Bismarck, N.D., for appellees.
 Phillip D. Armstrong, Minot, N.D., for appellant.
 Before ARNOLD, Circuit Judge, HENLEY, Senior Circuit Judge, and JOHN R. GIBSON, Circuit Judge.
 JOHN R. GIBSON, Circuit Judge.
 
 
 1
 The issue presented in this appeal is whether debtors whose bankruptcy cases are converted from chapter 13 to chapter 7 may claim a different homestead exemption at the time of conversion than the one they originally designated at the commencement of their chapter 13 proceeding.
 
 
 2
 On July 3, 1980, Layne and Barbara Jean Lindberg filed a joint petition for relief under chapter 13. At that time the Lindbergs owned a home in New Town, North Dakota, where they resided, and a farm in Burke County, North Dakota. When they filed their chapter 13 petition, the Lindbergs were required to submit a "chapter 13 statement" listing their assets and liabilities, and designating what exemptions they would claim if their assets had to be liquidated. The Lindbergs listed both their home and farm as assets, and designated a homestead exemption in their home.
 
 
 3
 Thereafter, the bankruptcy court[1] confirmed a plan requiring the Lindbergs to pay their creditors $1,000 a month. The Lindbergs failed to make their monthly payments, and Westlie Motor Company, a creditor from whom the Lindbergs had purchased two automobiles, which had been returned to Westlie, moved to convert their case to a chapter 7 liquidation. The Lindbergs agreed, and on March 2, 1982 the court ordered the case converted.
 
 
 4
 After they filed their chapter 13 petition but before the date of conversion, the Lindbergs left their New Town home and began residing at the Burke County farm. On March 15, 1982, they filed an amended schedule changing their homestead exemption from the $20,000 equity they had in their New Town house to the $80,000 equity they had in the farm.[2] The chapter 7 trustee and Westlie Motor Company objected, arguing that the Lindbergs were bound by their original homestead designation. The bankruptcy court denied the objection and allowed the change, reasoning that since chapter 13 debtors are not allowed exemptions, the Lindbergs were free to claim what exemptions they desired at the time of conversion.
 
 
 5
 The trustee appealed to the district court,[3] arguing that when a chapter 13 case is converted to a chapter 7 case, the date of filing the chapter 13 petition determines what exemptions may be claimed. The trustee further argued that since the Lindbergs resided at their New Town home when they filed their chapter 13 petition, only that home could be claimed as a homestead. The district court first agreed with the trustee and reversed the bankruptcy court. Rehearing was granted, however, and the district court found that the bankruptcy judge did not abuse his discretion in granting an amendment to the Lindbergs' schedule under Bankruptcy Rule 110, which allows amendments to schedules as a matter of course.[4] This appeal followed.
 
 
 6
 The question of whether the date of filing the chapter 13 petition or the date of conversion to chapter 7 determines what exemptions may be claimed has not been answered by any of the circuit or district courts. The Bankruptcy Court for the District of Oregon has addressed this question and concluded that the date of conversion controls. In re Stinson, 27 B.R. 18 (Bkrtcy.D.Or.1982). We agree with this conclusion.
 
 
 7
 The trustee argues that pursuant to 11 U.S.C. Sec. 348(a)[5] the date the chapter 13 petition was filed determines what exemptions are available in a converted case. He argues that Bankruptcy Rule 110 cannot be interpreted to permit what Sec. 348(a) prohibits: the use of another date to determine what exemptions are available.
 
 
 8
 When Sec. 348(a) is examined in conjunction with the code section on exemptions, Sec. 522, these sections do appear to suggest that the date of the chapter 13 petition controls. Section 522(b)(2)(A) states that individual debtors may exempt from property of the estate any property that is exempt under federal, state or local law applicable on the date of filing the petition. And Sec. 348(a) states that when a case is converted from one chapter to another, the conversion does not effect a change in the date of the filing of the petition.
 
 
 9
 These two sections, however, do not give the complete answer to our problem because other code sections and bankruptcy rules create a tension, if not a conflict, with them. When we consider the other sections and rules that have some bearing on our problem, we must conclude that Sec. 348(a) and Sec. 522(b)(2)(A) do not prohibit the Lindbergs from claiming a homestead exemption in their farm.
 
 
 10
 We look first at the purpose behind the debtor's designation of exemptions in the chapter 13 statement. As the bankruptcy court in the instant case correctly observed, debtors list exemptions for a limited purpose in chapter 13 proceedings. Exemptions are listed in the chapter 13 statement only to permit creditors to determine whether the chapter 13 plan should be accepted, and for the court to determine in confirming the plan that the creditors would receive more under the plan than they would in a chapter 7 liquidation. See 11 U.S.C. Sec. 1325(a)(4).[6] In contrast to a chapter 7 liquidation, in a chapter 13 case the debtor remains in possession of his property. 11 U.S.C. Sec. 1327(b) and (c) make clear that when there is confirmation, as in this case, of a chapter 13 plan, the confirmation of the plan vests all of the property of the estate in the debtor free and clear of any claim or interest of any creditor provided for by the plan unless the plan otherwise provides. In the case before us there was no such provision and, accordingly, there was no estate from which property could be exempted. See In re Berry, 30 B.R. 36, 38 (Bkrtcy.E.D.Mich.1983); In re Stinson, 27 B.R. at 20; cf. 5 Collier on Bankruptcy, (15th Ed.), Sec. 1300.81 at 1300-158-59.
 
 
 11
 In a chapter 7 liquidation, a debtor may exempt from the property of the estate homesteads such as those in issue in this case. 11 U.S.C. Sec. 522(b). For this purpose the debtor files a list he claims exempt and, unless there is objection,[7] the property claimed is exempt. 11 U.S.C. Sec. 522(l ). A chapter 7 trustee has the duty of collecting and reducing to money the property of the estate for which he serves. 11 U.S.C. Sec. 704(1). Disposition of the property of the estate is the subject of specific statutory treatment. 11 U.S.C. Secs. 725 and 726. Exemption from the estate in a chapter 7 liquidation thus removes the exempted property from the estate which is to be liquidated by the trustee.
 
 
 12
 The new Bankruptcy Rules that took effect on August 1, 1983 confirm this distinction. Rule 4003 states that debtors shall list exemptions in a schedule of assets. Rule 1007(b) states that debtors in a chapter 7 liquidation must file a schedule of assets, but the debtors in a chapter 13 proceeding must file a chapter 13 statement. And Rule 1007(c) states that "in a case converted from ... chapter 13 to chapter 7 ... a schedule of assets ... shall be filed by the debtor ... within 15 days after the entry of the order of conversion." These rules demonstrate the significance of listing exemptions in chapter 7 liquidations. The chapter 13 statement required in Rule 1007(b), Form 10, has the limited role of providing information for the Sec. 1325(a)(4) determination.[8]
 
 
 13
 Furthermore, an examination of what constitutes the property of the estate in a converted case leads us to conclude that the date of conversion controls what exemptions may be claimed from that property. The bankruptcy courts are in general agreement that in a case converted from chapter 13 to chapter 7, the property of the estate consists of all property in which the debtor has an interest on the date of conversion. See In re Tracy, 28 B.R. 189 (Bkrtcy.D.Me.1983); In re Stinson, 27 B.R. 18 (Bkrtcy.D.Or.1982); In re Richardson, 20 B.R. 490 (Bkrtcy.W.D.N.Y.1982). We believe that the same date must control in determining what exemptions the debtor may claim from the estate. Only if the same date controls what is property of the estate and what exemptions may be claimed can the debtor make full use of exemption laws.
 
 
 14
 If the date of conversion controlled what is property of the estate and, as the trustee in this case argues, the date of the chapter 13 filing controlled what exemptions could be claimed, then the debtor in a converted case would be restricted in his selection of exemptions. He could not exempt any new property acquired after he filed the chapter 13 petition. And he could lose exemptions if he exchanged property after the chapter 13 filing. In this case debtors would be required to claim as exempt property in which they no longer resided. This is contrary to both state and federal statutes. 11 U.S.C. Sec. 522(b)(2)(A); N.D.Cent.Code Sec. 47-18-01 (Supp.1981).
 
 
 15
 We believe that such results conflict with one of the main goals of the Bankruptcy Code: to provide honest debtors with a fresh start. Debtors are permitted to exempt a certain amount of their personal assets to facilitate a "fresh start." They may make full use of exemptions, and can even convert nonexempt property to exempt property on the eve of bankruptcy. H.R.Rep. 595, 95th Cong., 1st Sess. 361, reprinted in 1978 U.S.Code Cong. & Ad.News 5787, 5963, 6317. Since a chapter 13 case is a purely voluntary procedure which may be abandoned by the debtor at any time (11 U.S.C. Sec. 1307), the conversion of an action from chapter 13 to chapter 7 should not impair the debtor's right to claim exemptions from the property of the estate. In re Richardson, 20 B.R. at 492.
 
 
 16
 We find further support for our conclusion that the date of conversion controls what exemptions may be claimed in one of the new bankruptcy rules, Rule 1019(1).[9] The Advisory Note to Rule 1019(1) explains that when the debtor in a converted case has not previously prepared a schedule of assets, he must do so as if a chapter 7 petition had been filed on the date of conversion. Since debtors must claim exemptions in the schedule of assets (Bankruptcy Rule 4003(a)), Rule 1019(1) strongly suggests that the date of conversion controls what exemptions may be claimed in a converted case.
 
 
 17
 Finally, we believe that the equities in this case further support our conclusion that the Lindbergs were entitled to claim a homestead exemption in their farm upon conversion. There is no showing that the Lindbergs' change of residence was fraudulent. While the trustee argues that the debtors should not be allowed to juggle their affairs, the district court here observed that the move and the requested amendment "could be justified because of the change in the Debtors' economic condition due to a decline in the oil business." Westlie Motor Company, the creditor that moved for a conversion and that objected to the Lindbergs' homestead exemption, evidently is attempting to preserve a deficiency claim on the vehicles the Lindbergs returned. Allowing the Lindbergs to claim an exemption in their farm will not prejudice Westlie or the other creditors. Under the Lindbergs' chapter 13 plan, as confirmed, the creditors had no interest in the farm. They are, therefore, no worse off in the chapter 7 case, so far as the farm is concerned, than they would have been if the conversion had never taken place.
 
 
 18
 The conversion to chapter 7 was made with the consent of the Lindbergs. Had they failed to give their consent and the chapter 13 proceeding simply was dismissed, at some later date, a new chapter 7 proceeding could have been filed in which an exemption could be claimed on that date. Where there has been the conversion with the consent of the Lindbergs, it would be inequitable to reach a contrary result.
 
 
 19
 Accordingly, we conclude that the district court did not err in allowing the Lindbergs to change their homestead exemption at the time of conversion. We affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Harold O. Bullis, United States Bankruptcy Judge for the District of North Dakota
 
 
 [2]
 North Dakota law permits debtors to claim a homestead exemption not to exceed $80,000 in the land and dwelling house where they reside. N.D.Cent.Code Sec. 47-18-01 (Supp.1981)
 
 
 [3]
 The Honorable Bruce Van Sickle, United States District Judge for the District of North Dakota
 
 
 [4]
 Bankruptcy Rule 110 provides:
 A voluntary petition, schedule, or statement of affairs may be amended as a matter of course at any time before the case is closed.
 
 
 [5]
 The relevant langauge in Sec. 348(a) is as follows:
 Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but ... does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.
 
 
 [6]
 The Lindbergs were required to file their chapter 13 statement pursuant to Interim Bankruptcy Rule 13001. The note to Rule 13001 explains:
 Section 1325(a)(4) of the Code authorizes confirmation of a chapter 13 plan only if the distributions under the chapter 13 plan are equal to or greater than the distributions under chapter 7. Therefore, the court must know what exemption law the debtor would select and the property he would claim as exempt if there were a chapter 7 liquidation. Completion of the Schedule B-4 of the Form No. 6 is a convenient way of providing the court with this necessary information ....
 The Bankruptcy Rules effective August 1, 1983 are consistent with this explanation, specifically the note to Form 10 of the Rules.
 
 
 [7]
 Bankruptcy Rule 4003 establishes a procedure for the filing of objections and the determination of issues presented by the objections. This area was formerly covered by the earlier Bankruptcy Rule 403
 
 
 [8]
 See footnote 6
 
 
 [9]
 Rule 1019(1) provides:
 When a ... chapter 13 case has been converted ... to a chapter 7 case ... [l]ists, inventories [and] schedules ... theretofore filed shall be deemed filed in the chapter 7 case, unless the court directs otherwise. If they have not been previously filed, the debtor shall comply with Rule 1007 [i.e., shall file the documents] as if an order for relief had been entered on an involuntary petition on the date of the entry of the order directing that the case continue under chapter 7. (Emphasis added.)