**In re James E. PATTERSON and Shirley J. Patterson, Debtors.**

Civ. A. No. H–88–2692.

United States District Court, S.D. Texas, Houston Division.

Sept. 26, 1995.

Robert Hohenberger, Houston, TX, for Debtors.

## *FINAL ORDER*

NORMAN W. BLACK, Chief Judge.

This case is before the Court on appeal from the United States Bankruptcy Court for the Southern District of Texas. The Court has jurisdiction pursuant to 28 U.S.C. 158(a). Appellants, James E. and Shirley J. Patterson, appeal from the Bankruptcy Court's holding that the exemptions which may be claimed are determined as of the date of the original filing of their Chapter

13 case and not as of the date of conversion to Chapter 7. No opposition to Appellants' position has been filed. Conclusions of law made by the Bankruptcy Court are subject to *de novo* review by this Court, while factual findings are reviewed under a "clearly erroneous" standard. *In re Missionary Baptist Foundation of America, Inc.,* 712 F.2d 206 (5th Cir.1983).

Initially, the Court feels compelled to provide a brief procedural background to explain the six-year delay in ruling. This appeal was filed in August 1988 and dismissed in December 1988 because Appellants failed to file a brief. Subsequently, in February 1989, Appellants' motion for reconsideration was granted but the case erroneously remained listed on the Court's records as closed. A request for status report filed in March 1992 was apparently sent directly to the file instead of to the Court. A recent telephone call from Appellants' counsel has now brought this case to the Court's attention.

The facts involved are undisputed. Debtors filed a Chapter 13 proceeding and listed their residence as their homestead. There was subsequently a foreclosure and sale of the residence and, when the Chapter 13 proceeding was converted to Chapter 7, Debtors amended to claim forty acres of rural property as their exempt homestead. This amendment occurred before the Section 341 meeting of creditors and before the Trustee took any action in reliance on the prior schedules. The Trustee initially objected to the amendment, but later withdrew the objection based on *In re Lindberg,* 735 F.2d 1087 (8th Cir. 1984) in which the Eighth Circuit held the date of conversion of a Chapter 13 case to Chapter 7 determines the exemptions which may be claimed and, therefore, a different homestead may be claimed in the Chapter 7 case than was claimed in the Chapter 13.

The Bankruptcy Court rejected the Eighth Circuit's opinion in *Lindberg* and, based on the applicable statutory provisions and the Fifth Circuit's holding in *In re Williamson,* 804 F.2d 1355 (5th Cir.1986), decided the exemptions must be determined as of the date of the original filing and not as of the date of conversion. Based on its review of the file in this case and the applicable case

law, the Court finds that the decision of the Bankruptcy Court must be reversed.

As noted by the *Lindberg* Court, there are a number of considerations relating to the administration of Chapter 13 cases which override the statutory language. Additionally, the Fifth Circuit in *Williamson* specifically stated that it was not holding that *Lindberg* is wrong, only that it was inapplicable to conversions from Chapter 11 to Chapter 7. This Court finds that, if called upon to do so, the Fifth Circuit would likely reach the same decision as the Eighth Circuit in *Lindberg.* Accordingly, for the reasons stated by the *Lindberg* Court, it is hereby

ORDERED that the decision of the United States Bankruptcy Court issued July 12, 1988 is **REVERSED** and Debtors' amendment to claim the 40–acre property as exempt homestead is allowed.

THIS IS A FINAL ORDER.