United States Court of Appeals,

Fifth Circuit.

No. 96-50271.

In the Matter of Isidro C. SANDOVAL; In the Matter of Martha C. Sandoval, Debtors.

John Patrick LOWE, Appellant,

v.

Isidro C. SANDOVAL and Martha C. Sandoval, Appellees.

Jan. 9, 1997.

Appeal from the United States District Court for the Western District of Texas.

Before GARWOOD, DAVIS and STEWART, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

Trustee John Lowe appeals the denial of his objection to a homestead exemption claimed by debtors Isidro and Martha Sandoval in a case converted from chapter 13 to chapter 7. Because we conclude that the bankruptcy court improperly determined the exemption at the date of conversion rather than the date of filing of the original petition, we reverse.

I.

In 1993, the Sandovals filed a chapter 13 petition in bankruptcy. Their original schedules listed property located at 9659 Silver Moon, San Antonio, Texas, as their homestead. The Sandovals owned a second home, located at 2839 Lombrano, San Antonio, Texas, which they designated as rental property.

The Sandovals later became unable to make payments on their house at 9659 Silver Moon. They decided to convert the case to a chapter 7 bankruptcy proceeding, move to the Lombrano house, and claim the Lombrano property as their homestead and therefore exempt. In 1995, the Sandovals filed a motion to convert and amended their schedules to designate a new homestead. The court granted the Sandovals' conversion motion.

Lowe, the chapter 7 bankruptcy trustee, filed an objection to the Sandovals' designation of

1

the Lombrano property as their homestead. After a hearing, the bankruptcy court concluded that exemptions in conversion cases should be measured as of the date of conversion rather than the date of filing of the original petition; it found that at the time of the conversion, the Lombrano property was the Sandovals' homestead under Texas law and denied Lowe's objection. Lowe moved for reconsideration of the court's order, and the bankruptcy court held another hearing on the exemption issue; Lowe's motion was subsequently denied. Lowe appealed the bankruptcy court's order, and the district court affirmed. Lowe now appeals the district court's judgment.

## II.

We review a bankruptcy court's findings of fact for clear error and conclusions of law *de novo. In re Kemp,* 52 F.3d 546, 550 (5th Cir.1995).

## A.

Under Bankruptcy Rule 1009(a), "[a] voluntary petition, list, schedule, or statement may be amended by the debtor as a matter of course at any time before the case is closed." BANKR.R. 1009(a). This court has interpreted Rule 1009(a) as prohibiting courts from denying the debtor's request to amend in a voluntary bankruptcy case, unless a creditor demonstrates the debtor's bad faith or prejudice to creditors. *In re Williamson,* 804 F.2d 1355, 1358 (5th Cir.1986). Under this liberal amendment policy, it is clear that the Sandovals were entitled to amend their petitions. However, allowing an amendment claiming an exemption is different from allowing the exemption itself. *In re Osborn,* 24 F.3d 1199, 1206 (10th Cir.1994). To determine whether the lower court properly allowed the Sandovals to exempt the Lombrano property, this court must decide whether a debtor's exemption rights are determined as of the date of filing or date of conversion.

## B.

Exemptions claimed in a converted case are governed by § 522(b) and § 348(a) of the Bankruptcy Code. Section 522(b)(2)(A) provides that an individual debtor may exempt from his bankruptcy estate "any property that is exempt under Federal law, other than subsection (d) of this section, or State or local law that is applicable *on the date of the filing of the petition.*" 11 U.S.C.

2

§ 522(b)(2)(A) (emphasis added). Section 348(a) states that when a case is converted from one chapter to another, the conversion does not advance the filing date of the petition to the date of conversion:

> Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, *does not effect a change in the date of the filing of the petition,* the commencement of the case, or the order for relief.

11 U.S.C. § 348(a)(emphasis added).

This court has not addressed whether § 522(b) and § 348(a) require the debtor's exemptions to be determined on the date of filing rather than the date of conversion in a chapter 13 to chapter 7 conversion. However, we have considered and decided this question in the closely analogous case where a debtor converts from a chapter 11 to a chapter 7. *In re Williamson,* 804 F.2d at 1359. In *Williamson,* the court held that under the same statutory provisions that apply to both conversions from chapter 13 to 7 and from chapter 11 to 7, exemptions must be determined as of the date of filing: "[T]o hold that the conversion date controls exemption eligibility would be tantamount to assuming that conversion creates a new filing date, an assumption that the statutory words preclude." *Id.* at 1359; *see also In re Walter,* 45 F.3d 1023, 1028 (6th Cir.1995); *In re Magallanes,* 96 B.R. 253, 255 (9th Cir.BAP1988).

Despite the statutory language and our holding in *Williamson,* the Sandovals ask this court to adopt the reasoning of *In re Lindberg,* 735 F.2d 1087 (8th Cir.1984), which held that the date of conversion from a chapter 13 to a chapter 7 proceeding determines what exemptions may be claimed. *Id.* at 1091. In *Lindberg,* the court acknowledged that the statutory language suggests the date of the original filing controls exemption eligibility; nonetheless, it rejected the trustee's argument that § 348(a) and § 522(b), alone, dictated the answer. *Id.* at 1089. Instead, it considered policy concerns arising from the administration of chapter 13. *Id.* Specifically, it noted that exemptions serve a limited purpose in a chapter 13 reorganization, and, therefore, that debtors are less likely to be diligent in claiming them. *Id.* Further, it emphasized that "the property of the estate consists of all property in

3

which the debtor has an interest on the date of conversion." *etition into a chapter 13 estate. 11 U.S.C. § 1306. Because the court found that estate property is determined as of conversion, it concluded that the same date must control what exemptions are allowed. Id.* According to the court, a contrary result would foreclose a debtor from exempting property acquired after filing but before conversion and impair the debtor's right to full use of exemptions and a post-bankruptcy fresh start. *Id.* The *Williamson* court distinguished *Lindberg* on grounds that exemptions play a more significant role in chapter 11 than in chapter 13 and that the statutory scheme governing chapter 11 lacks a provision analogous to section 1306. *Id.* at 1361-62.

We are persuaded that our reasoning in *Williamson* should also apply to a determination of exemption rights in a conversion of a chapter 13 to a chapter 7. *Lindberg* 's reasoning that policy reasons justify departing from the plain language of the statute is unpersuasive. *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (holding that where a statutory scheme is clear, "the inquiry should end"); *In re Lepper,* 58 B.R. 896, 899 (Bankr.D.Md.1986) (noting the absence of legislative history supporting *Lindberg* decision). In doing so, we join the ranks of a number of courts holding that the right to exemptions is determined by facts as they existed on the date of the original bankruptcy petition. *See, e.g., In re Heater,* 189 B.R. 629, 636 (Bankr.E.D.Va.1995); *In re Michael,* 183 B.R. 230, 233 (Bankr.D.Mont.1995); *In re Schoonover,* 147 B.R. 430 (Bankr.S.D.Ohio, 1992); *In re Stroble,* 127 B.R. 372, 373 (Bankr.W.D.Va.1991); *cf. In re Marcus,* 1 F.3d 1050, 1052 (10th Cir.1993) (distinguishing *Lindberg* and holding that where law, not facts, change between filing and conversion, law in effect on date of filing controls). *But see In re Alderman,* 195 B.R. 106, 109-110 (9th Cir.BAP1996); *In re Patterson,* 190 B.R. 84 (S.D.Tex.1995); *In re Dyess,* 65 B.R. 143, 145 (Bankr.W.D.La.1986).

Recent legislation supports our conclusion and undercuts one prong of *Lindberg* 's rationale. In passing the Bankruptcy Reform Act of 1994, Congress sought to resolve a circuit split on whether the property to be included in a converted bankruptcy estate should be measured as of the date of

filing of the original petition or as of the date of conversion. An amendment to the Bankruptcy Code provides that the estate in a converted case consists only of property of the estate as of the date of the original filing that remains in the possession of the debtor on the date of conversion. 11 U.S.C. § 348(f)(1)(A); 140 CONG. REC. H10752-01 (Oct. 4, 1994) (explaining that the amendment was intended to overrule *In re Lybrook,* 951 F.2d 136 (7th Cir.1991), a Seventh Circuit decision that cited *Lindberg* for support).

The 1994 amendment does not directly apply to today's case because the Act bars retroactive application of the statute to cases accruing before the Act's effective date (October 22, 1994). *In re Young,* 66 F.3d 376, 378 (1st Cir.1995) (citing Pub.L. No. 103-394, § 702, 108 Stat. 4106, 4150). However, it undercuts *Lindberg* 's assertion that Congress intended that exemptions should be determined as of the time of conversion because the property of the estate is determined as of conversion.

### III.

For all the reasons discussed above, we conclude that the Sandovals' homestead exemption must be determined as of the date of filing rather than as of the date of conversion. This holding, however, does not resolve the Sandovals' claimed exemption. On remand, the bankruptcy court must determine whether, as the facts existed at the date of filing, the Sandovals were entitled to a homestead exemption in the Lombrano property. Accordingly, we vacate the district court's judgment and remand this case for further proceedings consistent with this opinion.

REVERSED and REMANDED.