**In re Arthur Edward SPISER, Barbara Jean Spiser, Debtors.**

**Bankruptcy No. 97–21114–7.**

United States Bankruptcy Court,
N.D. Texas,
Amarillo Division.

April 2, 1999.

---

David Enos, Attorney at Law, Amarillo, TX, for debtors.

Donna Christie, Amarillo, TX, Chapter 7 trustee.

### MEMORANDUM OF OPINION ON TRUSTEE'S MOTION TO DISMISS

JOHN C. AKARD, Bankruptcy Judge.

The Chapter 7 Trustee asks the court to vacate its prior order converting the case of these deceased Debtors from Chapter 13 to Chapter 7. The Trustee also seeks dismissal of the case because the Debtors are no longer able to propose and complete a Chapter 13 plan. The court finds that the Trustee's motion should be granted.[1]

#### Facts

On September 30, 1997 Arthur E. Spiser and Barbara J. Spiser filed a joint petition for relief under Chapter 13 of the Bankruptcy Code.[2] On October 15, 1997 they filed their schedules and statement of fi-

---

1. This court has jurisdiction of this matter under 28 U.S.C. § 1334(a), 28 U.S.C. § 157(a), and Miscellaneous Rule No. 33 of the Northern District of Texas contained in Order of Reference of Bankruptcy Cases and Proceedings *Nunc Pro Tunc* dated August 3, 1984. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (B).

2. The Bankruptcy Code is 11 U.S.C. § 101 *et seq.* References to section numbers are references to sections in the Bankruptcy Code.

nancial affairs. As permitted by § 522(b), the Debtors chose the state exemptions consisting of personal property and their rural homestead of 140.732 acres.[3] The Debtors valued the homestead at $300,707. They listed Farm Credit Bank as secured in the amount of $68,801.48 and property taxes against the homestead in the amount of $1,353.94. The total debt, both secured and unsecured, listed in the schedules was $171,543.52. The Debtors attended the meeting of creditors held December 2, 1997.

On December 6, 1997, Mr. Spiser died. Mrs. Spiser died on February 23, 1998. No plan of reorganization was confirmed in this case. On August 18, 1998 the deceased Debtors' attorney filed a motion to convert the case to one under Chapter 7 of the Bankruptcy Code, which the court granted by order entered on August 25, 1998.

The Chapter 7 Trustee convened the meeting of creditors in the converted case on October 14, 1998. The deceased Debtors' attorney filed a motion to waive their appearance and permit Greg Spiser to appear on their behalf, which the court granted. The Trustee's report of no assets and application to close was filed October 16, 1998. The deceased Debtors' attorney filed several motions to avoid liens during December 1998 which were opposed by the Amarillo Hospital District and the Texas Workforce Commission.

In January 1999, the Chapter 7 Trustee filed a motion to dismiss the case. The Trustee requested the court to reconsider its decision to convert the case to Chapter 7.[4] On January 27, 1999, the court heard the arguments, received the briefs of the parties, and took the matter under advisement.

---

3. Under Texas law, debtors can claim up to 200 acres of rural land as a homestead, together with the improvements thereon. Tex Const. art. XVI, §§ 50, 51; Tex.Prop.Code Ann §§ 41.001 and 41.002 (Vernon Supp. 1999).

## Issues

The issue before the court is whether it should vacate its order converting the deceased Debtors' Chapter 13 case to one under Chapter 7 of the Bankruptcy Code. If the court finds that it should vacate that order, the court must then determine if the Chapter 13 case should be continued or dismissed.

## Statutes and Rules

§ 348(a) Conversion of a case from a case under one chapter of this title to a case under another chapter of this title constitutes an order for relief under the chapter to which the case is converted, but, except as provided in subsections (b) and (c) of this section, does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief.

§ 1307. Conversion or dismissal.

(a) The debtor may convert a case under this chapter to a case under chapter 7 of this title at any time.

## Federal Rules of Bankruptcy Procedure

### Rule 1016. Death or Incompetency of Debtor.

Death or incompetency of the debtor shall not abate a liquidation case under chapter 7 of the Code. In such event the estate shall be administered and the case concluded in the same manner, so far as possible, as though the death or incompetency had not occurred. If a reorganization, family farmer's debt adjustment, or individual's debt adjustment case is pending under chapter 11, chapter 12, or chapter 13, the case may be dismissed; or if further administration is possible and in the best interest of the parties, the case may proceed and be concluded in the same manner, so far

---

4. The court considers the Trustee's motion as one brought under Federal Rule of Civil Procedure 60(b)(4) and (6).

as possible, as though the death or incompetency had not occurred.

### Arguments

Apparently, no executor or administrator was appointed for the Debtors' estates immediately following their deaths and their attorney continued to represent their interests in bankruptcy court. The Debtors' attorney noted that the court had jurisdiction of the case when the Debtors filed their Chapter 13 petition and that exemptions are determined on the date the petition is filed, not on the date of conversion to another chapter. *Lowe v. Sandoval (In re Sandoval)*, 103 F.3d 20, 22 (5th Cir.1997). He concluded that, since the Debtors were alive and occupying their homestead when they filed their Chapter 13 petition, their exemption continued upon their death and after conversion of the Chapter 13 to a case under Chapter 7.

The Debtor's attorney pointed to the provisions of Rule 1016 which provide that upon the death of the debtor a Chapter 13 case may be concluded in the same manner, so far as possible, as though the death had not occurred. He relied on § 1307(a) which provides that the "debtor may convert a case under [chapter 13] to a case under chapter 7 at any time." Following such conversion, Rule 1016 provides that the case can be concluded as though the death had not occurred.

Section 348(f) states that upon conversion, property of the estate is the property the debtor owned when the petition was filed. The Debtors' attorney asserted that since these Debtors owned their homestead when the petition was filed, the property remained their homestead in the Chapter 7 case. Thus, he sought to avoid liens on the homestead and to receive a discharge for the deceased Debtors.

The Chapter 7 Trustee argued that only a "person" may be a Chapter 7 debtor. § 109(a); (b). The term "person" is defined in § 101(41) to include "individual, partnership, and corporation," while the term "entity" is defined in § 101(15) to include "person, estate, trust, governmental unit, and Unites States trustee." She concluded that an estate of a deceased person cannot be a debtor under Chapter 7 and thus the conversion was not proper. Further, she argued that a careful reading of Rule 1016 shows that conversion is not proper.

She found support for her argument in § 706 which provides that a Chapter 7 case may not be converted to another chapter "unless the debtor may be a debtor under such chapter." She stated that this section expresses sound bankruptcy policy and should be applied when a party seeks to convert a Chapter 13 case to another chapter. Further, she noted that under § 727(a)(1), only an individual may receive a discharge and argued that by allowing conversion, the court would grant a discharge to an estate.

## DISCUSSION

### Should the conversion order be set aside?

When a debtor files a bankruptcy petition, the bankruptcy court has jurisdiction of the case pursuant to 28 U.S.C. §§ 1334 and 157. Thus, the court has the right and authority to administer the case as the Bankruptcy Code directs. *In re Tatsis*, 72 B.R. 908, 910 (Bankr.W.D.N.C. 1987). The court agrees with Debtors' counsel that it must look to the facts that existed on the date the Chapter 13 case was filed in order to determine the Debtors' eligibility for that chapter. Additionally, it must look to that same date to determine the exemptions to which they were entitled. *Sandoval*, 103 F.3d at 22. On the date they filed their petition, the Debtors were entitled to claim their rural homestead exemption. Since no objection was filed to their claim, the exemption was allowed.

On the date Mr. Spiser died, the court retained jurisdiction over the Chapter 13 case since, as a "person", Mrs. Spiser

could have remained eligible for Chapter 13 if she had sufficient regular income under § 101(30) to complete the plan as proposed.[5] Additionally, she was still entitled to her homestead exemption after her husband died. TEX. CONST. art. XVI, § 52; TEX.PROB.CODE ANN. § 271 (Vernon Supp.1999).

However, on February 23, 1998 Mrs. Spiser died. This unfortunate occurrence had a far-reaching effect on events which occurred thereafter. Immediately upon her death, a probate estate came into existence. TEX.PROB.CODE ANN. § 37 (Vernon Supp.1999). Only an individual with regular income may be a debtor in Chapter 13. § 109(e). With the deaths of both Mr. and Mrs. Spiser, there was no "individual" remaining in the Chapter 13 case; only the probate estates of Mr. and Mrs. Spiser remained. A probate estate is not a "debtor" eligible to convert the case to Chapter 7 under § 1307(a). The court finds persuasive the reasoning and conclusions of Bankruptcy Judge Rufus W. Reynolds who found that conversion to Chapter 7 by a debtor's probate estate is not permitted under the Bankruptcy Code. *In re Jarrett,* 19 B.R. 413 (Bankr. M.D.N.C.1982). A careful reading of Rule 1016 supports this conclusion. That rule provides that in the event of the death of a Chapter 13 debtor the case may be dismissed or, if further administration is possible, the case may be concluded in the same manner as though the death had not occurred. The term "further administration" implies that the case would be carried to its normal conclusion with payments to the creditors as provided in the confirmed plan, rather than conversion of the case to Chapter 7.

Federal Rule of Bankruptcy Procedure 9024 makes Federal Rule of Civil Procedure 60 applicable to bankruptcy cases (with exceptions which are not applicable here). Rule 60(b)(4) provides that the court may set aside a judgment which is void and Rule 60(b)(6) permits the court to set aside a judgment for "any other reason justifying relief from the operation of the judgment." The court finds that its order allowing conversion of this case from Chapter 13 to Chapter 7 was not permitted by the Bankruptcy Code and is, therefore, void. Consequently, the order should be set aside. In the alternative, the creditors (represented by the Chapter 7 Trustee) are entitled to relief from the judgment because, as will be shown later in this opinion, there is a substantial likelihood that their debts will be paid in full from the estates of these deceased Debtors. Thus the judgment should be set aside under Rule 60(b)(6).

## Should the Chapter 13 Case be Dismissed?

Having set aside its order converting the case to Chapter 7, the court turns to whether it should dismiss the Chapter 13 case. Only a debtor can file a Chapter 13 plan. § 1321. In this case, the Debtors filed a preliminary Chapter 13 plan and authorized pre-confirmation disbursements. However their estates, not being an "individual" and, thus, not a "debtor" in Chapter 13, cannot file a final plan. The plan is required to submit such "future earnings or other future income of the debtor to the supervision and control of the trustee as is necessary for the execution of the plan." § 1322. The estates of these Debtors would have neither future earnings nor future income.[6]

Rule 1016 provides that upon the death of the debtor a Chapter 13 case may be dismissed or, if further administration is possible and "in the best interest of the

---

5. Under this scenario, Rule 1016 would have permitted the court to continue administering the case as though Mr. Spiser's death had not occurred.

6. The court does not consider whether a hardship discharge would be available in situations of this type because such a discharge can only be granted after confirmation of a plan. § 1328(b).

parties," the case may proceed and be concluded.[7] Because the debtors are unable to fund a plan, further administration is not possible in this case. Under Texas law, upon the death of the homestead claimant the exemption extends to the surviving spouse and minor children. TEX. CONST. art. XVI, § 52. Mr. and Mrs. Spiser did not leave minor children. Under these circumstances, the homestead becomes part of the probate assets available for sale to pay creditors. *Nat'l Union Fire Ins. Co. v. Olson,* 920 S.W.2d 458, 461 (Tex.App.—Austin 1996, no writ). Based on the value of the homestead and the total debt stated in the Debtors' schedules, sale of the homestead would yield sufficient funds to pay the deceased Debtors' creditors in full. Thus it appears that it would be in the best interest of the creditors for the case to be dismissed so that the Texas probate court can administer the estates.

This court had jurisdiction to determine the Debtors' exemptions on the date they filed their bankruptcy case. However, this court does not have jurisdiction to determine exemptions in the probate estate; that is a matter for the Texas courts. The court declines the deceased Debtors' attorneys invitation to give continuing effect to the exemptions determined upon the date of the filing of the bankruptcy.

## CONCLUSION

The court finds that, under the facts of this case, the Bankruptcy Code does not permit conversion of the Chapter 13 proceeding to a case under Chapter 7. Accordingly, the court will vacate its Order of

Conversion and enter an order dismissing the Chapter 13 case.

JUDGMENT ACCORDINGLY.[8]

---

7. The advisory committee note to Rule 1016 states that in a "chapter 13 individual's debt adjustment case, the likelihood is that the case will dismissed." FED.R.BANKR.P. 1016 advisory committee's note (1983). See Norton Bankruptcy Rules Pamphlet 1998–1999 Edition at 50. Similarly, the editors' comment to Rule 1016 states: "In a Chapter 12 or 13 case, the death of the individual will no doubt result in a dismissal simply because the funding of any plan under this Chapter is based on submission of the future earnings of the debtor." FED.R.BANKR.P. 1016 editors' comment. *Id.*

8. This Memorandum shall constitute Findings of Fact and Conclusions of Law pursuant to FED.R.BANKR.P. 7052 which is made applicable to Contested Matters by FED.R.BANKR.P. 9014. This Memorandum will be published.