In re Ruben **SANTOS BORRERO**,
Edith M. Diaz Colon, Debtors.

Bankruptcy No. B–86–00685(ESL).

United States Bankruptcy Court,
D. Puerto Rico.

June 19, 1987.

Amado A. Pereira-Santiago, Ponce, P.R., for debtors.

Victor Gratacos Diaz, Caguas, P.R., for trustee.

Juan J. Gueits Gonzalez, Ponce, P.R., for Balasquides.

## OPINION AND ORDER

ENRIQUE S. LAMOUTTE, Chief Judge.

This case came before the Court on April 10, 1987 for a hearing to consider the confirmation of a sale by the Chapter 7 trustee. At the hearing, the Court was informed of a contested matter pending before the court which concerned a lease contract which the trustee was proposing to sell. The Court took both matters under advisement and now proceeds to enter the following findings of fact and conclusions of law:

*Findings of Fact*

1. On April 17, 1986 Ruben Santos Borrero and Edith M. Diaz Colón filed a joint petition under Chapter 13 of the Bankruptcy Code.

2. On December 3, 1986 an order was entered converting the case to Chapter 7.

3. On May 16, 1986 Miriam C. Balasquide and Amelia Balasquide (Balasquides) filed a motion for relief from the automatic stay in order to proceed with eviction proceedings against the debtors in case number TD–85–2453 before the Superior Court of Puerto Rico, Ponce Part.

4. On January 23, 1986 judgment was entered in favor of the Balasquides in case number TD–85–2453 evicting debtors from the premises leased pursuant to a contract subscribed on June 15, 1983.

5. On July 22, 1986 the parties to the relief from stay litigation filed a stipulation wherein they agreed to execute a new lease contract under certain terms and conditions. Amongst the conditions was a payment schedule and a clause that upon default in the payments the stay would be lifted to permit the creditors to execute their eviction judgment.

6. The stipulation was approved by order dated October 31, 1986.

7. On December 3, 1986 Mr. Celestino Lopez Sanabria was appointed trustee under Chapter 7.

8. On January 9, 1987 the trustee filed a timely motion to assume the lease agreement.

*Conclusions of Law*

■ A lease contract that is validly terminated pursuant to state law may not be resurrected by the filing of a bankruptcy petition. *Moody v. Amoco Oil Co.,* 734 F.2d 1200, 1212 (7th Cir.1984); *In re Triangle Laboratories, Inc.,* 663 F.2d 463, 467–468 (3rd Cir.1981). Consequently, the lease contract dated June 15, 1983 which was terminated by judgment entered on January 23, 1986 in case number TD–85–2453 could not have been assumed by the Chapter 13 debtors and cannot be now assumed by the Chapter 7 trustee.

However, the Chapter 13 debtors and the Balasquides entered into a stipulation on July 22, 1986, which was approved on October 31, 1986. The stipulation was thus valid after the Chapter 13 order for relief and prior to the conversion to Chapter 7.

■ Stipulations are contracts between the parties and are subject to the general principles governing the construal of contracts. *In re Neuman,* 55 B.R. 702 (S. D.N.Y.1985); *In re Bolton Hall Nursing Home, Inc.,* 31 B.R. 765 (Bankr.Mass.1983). Whether or not a contract is an executory contract must be determined within the parameters of the Bankruptcy Code. This Court follows the general trend in adopting the definition introduced by Professor Vern Contryman in his often quoted article "Executory Contracts in Bankruptcy," Part I, 57 Minn.L.Rev. 439, 460 (1973). In essence, the accepted definition of an executory contract is that contract on which performance remains due to some extent on both sides. 2 Bankr.L.Ed. § 15.95, page 226.

■ The Court finds that the stipulation entered into by the debtors and the Balasquides meets the above definition and is therefore an executory contract.

■ Upon the conversion of a chapter 13 case to chapter 7 and the appointment of a trustee, the trustee steps into the shoes of the debtor insofar as to the rights that the debtor may have on property of the estate. The stipulation being a contract is an interest of the debtor in property and, thus, property of the estate under 11 U.S.C. § 541(a).

■ Section 348 of the Bankruptcy Code governs the effect of a conversion from one chapter to another. Rule 1019 of the Bankruptcy Rules implements Section 348. Pursuant to section 348(a) a conversion of a chapter 13 case to a chapter 7 case does not effect a change in the date of filing of the petition except as provided in subsections (b) and (c). Subsection (c) of section 348 states that section 365(d) applies in a converted case. Section 365(d) governs the time in which a chapter 7 trustee may assume or reject an executory contract.

The interaction of both section 348 and Rule 1019 clearly indicates that actions taken in a superseded case prior to its conversion to chapter 7 are not to be negated. See Advisory Committee Note to Rule 1019. Section 348(c) and 365(d) read in conjunction indicate that a chapter 7 trustee must have an option to either assume or reject a contract entered into by the debtor in the superseded chapter 13 case prior to the conversion to chapter 7 as the same constitutes property of the chapter 7 estate. In a chapter 13 case converted to a chapter 7 case "the property of the estate consists of all property in which the debtor has an interest on the date of conversion." *In re Lindberg,* 735 F.2d 1087, 1090 (8th Cir.1984). Consequently, the trustee may assume an executory contract which has not expired at the time of conversion.

 In the instant case the debtor failed to make the payments agreed upon in the stipulation. Such a failure constitutes a breach of the contract-stipulation but cannot be construed to be an automatic termination of the same. Accordingly, the chapter 7 trustee, upon filing a timely motion to assume the contract may do so if it cures whatever default may be existent at the time of assumption. If the trustee assumes the stipulation it must assume the contract in its entirety and provide adequate assurance of future compliance; 11 U.S.C. 365(b)(1); *NLRB v. Bildisco,* 465 U.S. 513, 104 S.Ct. 1188, 1199, 79 L.Ed.2d 482 (1984); *In re Corporacion de Servicios Medicos Hospitalarios de Fajardo,* 805 F.2d 440, 447–448 (1st Cir.1986).

### Conclusion

In view of the foregoing, it is now

ORDERED that the trustee be and is hereby authorized to assume the stipulation provided that any defaults are cured.

SO ORDERED.