Revised October 7, 1998

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-41006
_____


In the Matter of:
EDWIN WESLEY BAKER; BRENDA BITTER BAKER,

Debtors.

EDWIN WESLEY BAKER; BRENDA BITTER BAKER,

Appellants,

v.

JOHN A. RANK, III; PADRE PLACE ONE,
A TEXAS GENERAL PARTNERSHIP,

Appellees.

_____

Appeal from the United States District Court
for the Southern District of Texas
_____

September 28, 1998

Before GARWOOD, JONES, and WIENER, Circuit Judges.

EDITH H. JONES, Circuit Judge:

This case arises from the Debtors' bankruptcy filed under Chapter 13 in 1990 and converted to Chapter 7 in 1991. Debtors appeal the district court's denial of discharge, raising two issues: (1) whether post-petition property of a Chapter 13 estate is included in property of the estate upon conversion to Chapter 7;

and (2) whether the Debtors' expenditure of post-petition income for a vacation while their Chapter 13 case was pending violated § 727(a)(2). Based on the version of 11 U.S.C. § 348 that applied to cases filed before the Bankruptcy Reform Act of 1994, we AFFIRM.

I.

Debtors are both practicing attorneys, who, although not specialists, have some experience in bankruptcy law. After the filing of Chapter 13, but prior to Chapter 7 conversion, Debtors received a contingent fee of $11,700.00. Around the same time, Debtors received an advertisement for a Far East vacation sponsored by their undergraduate university.

The Debtors consulted their attorney to find out if it would be acceptable to take this vacation. Although the trip was strictly for pleasure, the Debtors' attorney advised them that they could take the trip, as long as they continued to make the monthly payment required under their reorganization plan. In November of 1990, the Debtors took the vacation.

Thereafter, a creditor and former law partner, John Rank, III, filed a motion to have Debtors' Chapter 13 petition dismissed or converted to Chapter 7 on the ground that the Debtors were not eligible for Chapter 13 relief. Debtors voluntarily agreed to the conversion, which occurred in January 1991.

Rank then filed a Complaint objecting to the "global discharge" of the Debtors' debts. Specifically, Rank alleged that

Debtors violated 11 U.S.C. § 727(a)(2) by, inter alia, using their post-petition earned legal fees for a vacation.

The bankruptcy judge found that the contingent fee was property earned after the commencement of the case and expended before the case was converted to Chapter 7. He also found that although the use of the fee for a vacation was a "blatant violation of Chapter 13 law," its use did not violate any of the provisions of 11 U.S.C. § 727 because the contingent fee was never property of the Chapter 7 estate. As a result, the bankruptcy judge granted the Debtors a discharge.

On appeal, the district court reversed, finding that the contingent fee became property of the Chapter 7 estate when the Chapter 13 case was converted to Chapter 7. The district court ordered the Debtors to pay into the Chapter 7 estate the amount of the contingent fee. The district court remanded the case for the bankruptcy court to reconsider whether the Debtors were entitled to a discharge.

Following a subsequent appeal and remand, the bankruptcy court ultimately entered a specific finding that the Debtors *intended* to hinder their creditors. Thus, the bankruptcy court concluded that the Debtors violated § 727 and were not entitled to

a discharge.  The district court entered a final judgment, essentially affirming the bankruptcy court.  This appeal followed.[1]

## II.

The issue whether the post-petition Chapter 13 income remains property of the estate upon conversion to Chapter 7 "requires an analysis of the interplay" among various provisions of the Bankruptcy Code -- 11 U.S.C. §§ 541, 1306, which describe the property of the bankruptcy estate, and § 348, which governs conversion of a bankruptcy case from one chapter to another. *Calder v. Job (In re Calder)*, 973 F.2d 862, 865 (10th Cir. 1992). Before enactment of the Bankruptcy Reform Act of 1994 (H.R. 5116), this issue was confusing and had created a split among the circuits.[2]  This opinion governs cases filed before October 22,

---

[1]We review a bankruptcy court's findings of fact for clear error and conclusions of law *de novo*.  *See Affiliated Computer Sys., Inc. v. Sherman (In re Kemp)*, 52 F.3d 546, 550 (5th Cir. 1995).

[2]*See In re Calder*, 973 F.2d 862, 865-66 (10th Cir. 1992) (holding that post-petition Chapter 13 income remains property of the estate upon conversion to Chapter 7); *In re Lybrook*, 951 F.2d 136, 138 (7th Cir. 1991) (Posner, J.) (same); *In re Lindberg*, 735 F.2d 1087, 1089-90 (8th Cir. 1984) (same).  *But see In re Young*, 66 F.3d 376, 378 (1st Cir. 1995); *In re Bobroff*, 766 F.2d 797, 803-04 (3d Cir. 1985).

Congress amended the Bankruptcy Code, adding 11 U.S.C. § 348(f), to resolve the circuit split.  The Amendment provides that "the estate in a converted case consists only of property of the estate as of the date of the original filing that remains in the possession of the debtor on the date of conversion." *In re Sandoval*, 103 F.3d 20, 23 (5th Cir. 1997).  Although Congress took issue with *In re Lybrook*, the amendment does not apply to this case

4

1994, as to which the Fifth Circuit has not taken sides in the circuit split.

Section 541 states that the bankruptcy estate is created upon the commencement of a case and identifies what is to comprise property of the estate. For Chapter 13, § 1306 expands the estate beyond § 541 to include "all property of the kind specified in [§ 541] that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted." 11 U.S.C. § 1306(a)(1). Finally, § 348 provided, before its amendment to include § (f)(1)(a), that with certain exceptions, conversion "does not effect a change in the date of the filing of the petition, the commencement of the case, or the order for relief." 11 U.S.C. § 348(a). Section 348, however, did not directly address the composition of the Chapter 7 estate following conversion from Chapter 13.

In *Bobroff v. Continental Bank (In re Bobroff)* the Third Circuit held that § 1306 cannot be used to determine which property "comprises the estate" upon conversion to Chapter 7. 766 F.2d 797,

---

because it explicitly bars retroactive application of the statute to cases that commence before October 22, 1994. *See id.; see also* Pub. L. No. 103-394, § 702, 108 Stat. 4106, 4150 ("[T]he amendments made by this Act shall not apply with respect to cases commenced under title 11 of the United States Code before the date of the enactment of this Act.").

We also note that under § 348(f)(2), in the event of a "bad faith" conversion to Chapter 7, *Lybrook* appears to have been adopted by Congress.

803 (3d Cir. 1985). The court reasoned that the incentive toward Chapter 13 filings would be greatly diminished if "debtors must take the risk that property acquired during the course of an attempt at repayment will have to be liquidated for the benefit of creditors if Chapter 13 proves unavailing." *Id.* Moreover, "'no reason of policy suggests itself why the creditors should not be put back in precisely the same position as they would have been had the debtor never sought to repay his debts.'" *Id.* at 803 (quoting *In re Hannan*, 24 B.R. 691, 692 (Bankr. E.D.N.Y. 1982)). The court concluded that to hold that Chapter 13 income remains property of the estate upon conversion to Chapter 7 would be inconsistent with the Bankruptcy Code's "goal of encouraging the use of debt repayment plans rather than liquidation." *Id.*

Although this approach has merit, the alternative position adopted by a number of the circuits is more persuasive. We agree with the Tenth Circuit when it observed that "[a] proper reading of § 348 indicates that it is not a source of disruption but, instead, preserves the continuity of the bankruptcy proceedings." *In re Calder*, 973 F.2d at 866 (quoting *Robb v. Lybrook* (*In re Lybrook*), 107 B.R. 611, 612 (Bankr. N.D. Ind. 1989), *aff'd*, 135 B.R. 321 (N.D. Ind. 1990), *aff'd*, 951 F.2d 136 (7th Cir. 1991)). The court went on to explain:

> When § 348 is viewed as a source of continuity, the plain language of § 541 easily becomes susceptible to the

> conclusion that the bankruptcy estate, following conversion from Chapter 13 to Chapter 7, is the Chapter 13 bankruptcy estate. The estate was created upon the commencement of the case. 11 U.S.C. § 541(a). At the moment of creation, it essentially consisted of all of the property in which debtor had an interest. 11 U.S.C. § 541(a)(1). The estate does not, however, remain static. It also includes "any interest in property that the *estate* acquires after the commencement of the case." 11 U.S.C. § 541(a)(7) (emphasis added).
>
> Through § 1306, the estate acquires an interest in the property debtor acquires between the date of the petition and the date of conversion. By its terms, § 541(a)(7) is broad enough to include this post-petition property in the Chapter 7 bankruptcy estate, following conversion from Chapter 13. It is able to do so through a simple reading of its plain language, without resorting to strained or contorted interpretations of the consequences of conversion. Instead, it is merely a recognition that § 348 "does not purport to alter or modify the provisions or applicability of sections 541 and 1306." *In re Wanderlich*, 36 B.R. 710, 714 (Bankr. W.D.N.Y. 1984).

*Id.*

This construction requires that all post-petition income of the Chapter 13 estate remains property of the estate upon conversion to Chapter 7. Moreover, it prevents Chapter 13 from becoming a financial planning device designed to give debtors a temporary reprieve from their creditors. As Judge Posner, writing for the Seventh Circuit, explained, "a rule of once in, always in is necessary to discourage strategic, opportunistic behavior that hurts creditors without advancing any legitimate interest of debtors." *In re Lybrook*, 951 F.2d at 137. Otherwise, a debtor has an incentive to proceed under Chapter 13 in order to keep "his

7

creditors at bay." *Id.* "[I]f his position deteriorates further it is the creditors who will bear the loss, while if he should get lucky and win a lottery or a legal judgment, or inherit money . . . he will be able to keep his windfall" upon conversion to Chapter 7. *Id.* at 137-38.

And, contrary to the Third Circuit's view, holding that post-petition Chapter 13 property remains property of the estate upon conversion to Chapter 7 does not necessarily conflict with congressional efforts to encourage Chapter 13 repayment plans. Although the Third Circuit alternative "makes an *initial* filing under Chapter 13 less risky, . . . it also encourages conversions from Chapter 13 to Chapter 7. In the end, as many or more personal bankruptcies may end up in Chapter 7 as would be the case if property once it was included in the Chapter 13 estate remained in the bankrupt estate following conversion." *Id.* at 137.

We conclude that the district court did not err when it found that before the enactment of U.S.C. § 348(f)(1)(a), post-petition property of a Chapter 13 estate remains property of the estate upon conversion to Chapter 7.[3]

---

[3]On post-submission brief, Debtors argue that § 103(h) renders § 1306 applicable only in Chapter 13. Assuming this argument has not been waived, it is unpersuasive for essentially the same reasons relied upon by the Tenth Circuit. *See In re Calder*, 973 F.2d at 866 ("In reaching the opposite conclusion, some courts have relied on the fact that § 103(h) makes § 1306 applicable only in Chapter 13. These courts reason that upon conversion, with § 1306

8

III.

Debtors' fallback contention is that their expenditure of post-petition income for a vacation while their Chapter 13 case was pending did not violate § 727.

The bankruptcy court held that Debtors were not entitled to a discharge because "the use of post-Chapter 13 petition funds for a Far East vacation prior to conversion of their joint case to Chapter 7" hindered their creditors and was, therefore, violative of § 727(a)(2).[4] As that court found, (1) "the trip was for

---

inapplicable, property of the estate is defined solely by § 541. The flaw in this reasoning is that it ignores the effect of § 541(a)(7). During the pendency of the case in Chapter 13 -- when § 1306 applies -- § 1306 includes in "[p]roperty of the estate" after-acquired property and postpetition earnings from services performed by the debtor. 11 U.S.C. § 1306(a). Upon conversion to Chapter 7, § 541(a)(7) includes in the Chapter 7 estate "[a]ny interest in property that the estate acquires after the commencement of the case." 11 U.S.C. § 541(a)(7). Reading these two provisions together, we hold that all property in plaintiff's Chapter 13 estate -- including any funds included pursuant to § 1306 -- are part of the postconversion Chapter 7 estate." (citations omitted)).

[4]Appellants argue that the factual finding of intent to hinder a creditor is clearly erroneous because at trial the bankruptcy judge found that the vacation expenditure was not made with the intent to hinder, and that he only reversed his position because he felt he was governed by the law of the case. This is incorrect. Although the bankruptcy judge found no § 727 violation in his discussion of reimbursement expenses, in his discussion of the Far East vacation, the bankruptcy judge granted his discharge *solely* on the ground that § 727 did not apply to post-petition Chapter 13 income upon conversion to Chapter 7. The bankruptcy judge never made a finding on the issue of whether the Debtors intended to hinder creditors until the district court reversed his legal conclusion on conversion and post-petition Chapter 13 property.

pleasure and no one attempted to argue that the trip was an educational business expense"; and (2) although their attorney may have advised them that the trip was okay, such advice was so patently wrong, no reasonable debtor, and, more importantly, no attorney of either of the Debtors' caliber could reach such a conclusion.

Debtors contend that they cannot be denied a global discharge because § 727 does not apply to Chapter 13. The Debtors reason that "[s]ince the use of contingent fees occurred before the case was converted to Chapter 7, § 727 simply does not apply."

We disagree.

A plain reading of § 727, *in pari materia* with § 348(a), reveals that Debtors' claim is without merit. Section 727 requires a court to grant a debtor a discharge unless

> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or concealed, or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
>
> . . . .
>
> (B) *property of the estate, after the date of the filing of the petition*;

11 U.S.C. §727(a) (emphasis added). This court has plainly held that §§ 348(a) and (b), taken together, specifically incorporate 11 U.S.C. § 727(b) and permit contests of discharge in a converted

10

case. *Bank of La. v. Pavlovich (In re Pavlovich)*, 952 F.2d 114, 117 (5th Cir. 1992).[5]

In this case, after the filing of Chapter 13, but prior to Chapter 7 conversion, Debtors received a contingent fee of $11,700.00. They used this money to take a personal vacation to the Far East. At no time have the Debtors asserted that this vacation had a business or educational purpose. On the contrary, Debtors admitted that the vacation was intended to give themselves relief from the "emotional storm they had been enduring as a result of their financial disaster." As the bankruptcy judge found, "[T]he notion that a Far East vacation is a reasonable living expense is so ludicrous it requires no comment." The judge correctly held that the conduct blatantly violated Chapter 13. Because Debtors' conduct occurred after the date they filed for Chapter 13, and because the court expressly found that this conduct hindered their creditors, it is relevant for consideration under § 727(a)(2)(B) and justified a denial of discharge.

---

[5]11 U.S.C. § 348(a) specifies that "except as provided in subsection[ ] (b), [conversion] does not effect a change in the date of the filing of the petition . . . or the order for relief . . . ." Section 348(b) states that ". . . in section[ ] 727(b), . . . 'the order for relief under this chapter' [in a case converted from Chapter 13] means the conversion of such case to such chapter."

IV.

For the foregoing reasons, the judgment is AFFIRMED.

Judge Wiener concurs in the result only.