**REVISED - September 12, 2000**

**UNITED STATES COURT OF APPEALS
FIFTH CIRCUIT**

_____

No. 99-11290

_____


In The Matter of: JASON GREGORY
STAMM; LESLEY DEE STAMM,

                                  Debtors.

_____

JASON GREGORY STAMM;
LESLEY DEE STAMM,

                                  Appellants,

versus

HARVEY L. MORTON,
Trustee,

                                  Appellee.

_____

CONSOLIDATED WITH

_____

_____

No. 99-11319

_____


In the Matter of: DAVID PAUL MANGRUM

                                  Debtor.

_____

DAVID PAUL MANGRUM,

Appellant.

versus

HARVEY L. MORTON,

Appellee.

_____

CONSOLIDATED WITH
_____

_____

No. 99-11323

_____

In the Matter of: ROMERO CAZARES;
ROSA LOPEZ FUENTES,

Debtors.

_____

ROMERO CAZARES;
ROSA LOPEZ FUENTES,

Appellants.

versus

HARVEY L. MORTON,

Appellee.

Appeals from the United States District Court
For the Northern District of Texas

August 25, 2000

Before JOLLY, HIGGINBOTHAM, and EMILIO M. GARZA, Circuit Judges.

EMILIO M. GARZA, Circuit Judge:

These consolidated appeals arise from three separate district court orders affirming identical final judgments of the bankruptcy court. They present a single disputed issue that is purely legal. We reverse and remand.

In each case, Debtors (Appellants) filed a Chapter 13 petition. Debtors made payments from their earnings to the Chapter 13 Trustee (Appellee). Debtors were unable to confirm a plan and converted the proceedings to a Chapter 7 petition. Upon conversion, the Chapter 13 Trustee distributed to the Chapter 7 Trustee the Debtors' payments made from earnings. The Chapter 7 Trustee filed a Motion for Determination of whether the funds were the property of the Chapter 7 estate. The bankruptcy court held that the post-commencement pre-confirmation payments were the property of the Chapter 7 estate. The district court affirmed. We review the bankruptcy court's conclusions of law *de novo*. *See Affiliated Computer Sys., Inc. v. Sherman (In re Kemp)*, 52 F.3d 546, 550 (5th Cir. 1995).

Debtors contend that 11 U.S.C. § 348(f)(1)(A), which was added by the Bankruptcy Reform Act of 1994, *see* Pub. L. No. 103-394, § 311, 108 Stat. 4106, 4137-38 (1994) (the "Act"), mandates that the funds be returned to them. The relevant portion of section 348(f)(1) states:

> (f)(1) Except as provided in paragraph (2), when a case under Chapter 13 of this title
> is converted to a case under another chapter under this title—

(A)     property of the estate in the converted case shall consist of the property of the estate, *as of the date of filing of the petition*, that remains in the possession of or is under the control of the debtor on the date of conversion[.]
11 U.S.C. § 348(f)(1) (2000) (emphasis added).

Debtors argue that the post-commencement pre-confirmation wages paid to the Chapter 13 Trustee were not property of the estate on the date of filing. Therefore, the plain language of Section 348(f)(1) dictates that funds are not part of the Chapter 7 estate, and must be returned to the Debtors. We agree.

Prior to the Act's amendments to Section 348, the issue of whether post-petition Chapter 13 income remains property of the estate on conversion to Chapter 7 was confusing and had created a circuit split. *See Baker v. Rank (In re Baker)*, 154 F.3d 534, 536 (5th Cir. 1998) (discussing the split and noting that the issue was confusing because it involved the interplay of several Code provisions—§ 541, § 1306, and § 348); *compare In re Bobroff*, 766 F.2d 797, 803-04 (3d Cir. 1985) (rejecting applicability of § 1306 and holding that income does not remain property of the estate) *with In re Lybrook*, 951 F.2d 136, 138 (7th Cir. 1991) (holding that income remains property of the estate) *and In re Lindberg*, 735 F.2d 1087, 1089-90 (8th Cir. 1984) (same holding as *Lybrook*). In *Baker*, we weighed in for the first time on the issue and sided with *Lybrook*. *See Baker*, 154 F.3d at 536-37. However, we expressly noted that our opinion was limited to cases in which the Act was inapplicable. *See id.* at 536 n.2. We stated that Congress added Section 348(f) "to resolve the circuit split," quoted the relevant statutory language, and noted that Congress "took issue with *In re Lybrook*." *Id.* The clear implication of *Baker* is that Section 348(f)(1), where applicable, establishes that the post-petition income does not remain property of the estate upon conversion.

Similar dicta was contained in *Lowe v. Sandoval* (*In re Sandoval*), 103 F.3d 20, 23 (5th Cir.

1997). There we also noted that the Act was designed to resolve the circuit split on the instant issue. *See id.* We stated that Section 348(f)(1)(A) "provides that the estate in a converted case consists only of property of the estate as of the date of the original filing that remains in the possession of the debtor on the date of conversion." *Id.* For support, we cited to legislative history "explaining that the amendment was designed to overrule *In re Lybrook*." *Id.* (citing 140 CONG. REC. H10752-01 (Oct. 4, 1994)); *see also* 140 CONG. REC. H10752-01, H10770-10771 (1994) (stating that "[t]his amendment would clarify the Code to resolve a split in the . . . law about what property is in the bankruptcy estate when a debtor converts from chapter 13 to chapter 7" and that "[t]his amendment overrules the holding in cases such as *Matter of Lybrook* and adopts the reasoning of *In re Bobroff*" (internal citations omitted))). All the other circuits to have discussed Section 348(f)(1)(A) in dicta have agreed with *Sandoval* that it establishes that income acquired after the original filing of the Chapter 13 petition and before conversion is not part of the converted estate. *See In re Young*, 66 F.3d 376, 378 (1st Cir. 1995) (noting that § 348 (f)(1)(A) resolved the circuit split by "essentially codif[ying] the *Bobroff* rule"); *In re Alexander*, 239 B.R. 911, 916 (B.A.P. 8th Cir. 1999) (concluding that *Lindberg* "has been superseded by the 1994 Bankruptcy Code amendments," which "clearly indicate[] that in a case converted from chapter 13, property of the estate in the converted case is determined according to the filing date of the original chapter 13 petition"); *In re Kollar*, 176 F.3d 175, 178 (3d Cir. 1999) (same).

Several bankruptcy courts have been forced to decide the issue before us. They have uniformly agreed that Section 348(f)(1)(A) establishes that property acquired after the Chapter 13 filing and before discharge under Chapter 7 is not part of the converted estate. *See, e.g., Farmer v. Taco Bell Corp.*, 242 B.R. 435, 439 (Bank. W.D. Tenn. 1999); *In re Sargente*, 202 B.R. 1023, 1025

-5-

(Bank. S.D. Fla. 1996). There is no authority, from any court, to support the contrary position.

Therefore, we find that the Debtors' wages, earned after the filing of their Chapter 13 petition and before discharge under Chapter 7, are not part of the Chapter 7 estate. The bankruptcy court erred in finding to the contrary.[1] The judgment of the district court is reversed. We remand to the bankruptcy court for a determination of the exact sum due each Debtor and for distribution.[2]

REVERSED AND REMANDED

---

[1] The bankruptcy court's ruling relied on § 1306. It did not rely on § 348(f)(2), which establishes that the *Lybrook* rule applies to "bad faith" conversions to Chapter 7. *See* 11 U.S.C. § 348(f)(2); *Baker*, 154 F.3d at 536 n.2. Appellee did not and does not argue that § 348(f)(2) is applicable here.

[2] In determining the proper distributions, the bankruptcy court may consider the Trustee's potential claims for compensation of professionals under § 503(b) of the Code.