In the Matter of DEL CASTILLO, Josefa E. Morales, Debtor.

No. 98–02729–9P7.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Jan. 29, 2002.

William D. Kramer, Naples, FL, for debtor.

Diane L. Jensen, Fort Myers, FL, Chapter 7 Trustee.

Terry E. Smith, Bradenton, FL, Chapter 13 Trustee.

### ORDER GRANTING MOTION FOR TURNOVER OF CHAPTER 13 FUNDS

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on to consider Motion For Turnover of Chapter 13 Funds (Doc. No. 64), filed by Josefa E. Morales Del Castillo, a/k/a Josefa Elena Morales Del Castillo (Debtor), on December 4, 2001. A detailed synopsis of this present Chapter 7 case is set forth as follows. On February 13, 1998, the Debtor filed her Chapter 7 case. On June 10, 1998, the Debtor received her Discharge. On November 27, 1998, the Debtor filed a Motion to Convert her Chapter 7 case to a Chapter 13 case. On December 8, 1998, this Motion was granted and the case was converted to a Chapter 13 case.

On June 29, 1999, the Debtor filed her Chapter 13 Plan. On October 16, 2000, this Court entered Order Denying Confirmation And Reconverting Case to Chapter 7 (Reconversion Order). On October 23, 2000, this Court entered Order Governing Procedures After Conversion To Chapter 7 Case (Procedures Order). The Procedures Order provided, inter alia, that any motion for to turnover of undistributed funds held by the Chapter 13 shall be filed within fifteen (15) days of the date of entry of the Procedures Order. The Procedures Order further provided that if no motion was filed, the funds held by the Chapter 13 Trustee shall be turned over to Chapter 7 Trustee that was to be appointed and shall be considered property of the estate.

As set forth in the Notice of Conversion, the United States Trustee scheduled an additional meeting of creditors pursuant to 11 U.S.C. § 341 and appointed Diane Jensen as the Chapter 7 Trustee for the estate of the Debtor. On July 26, 2001, the Chapter 7 Trustee filed a Motion for Turnover of Funds paid to the Chapter 13 Trustee by the Debtor while the case was pending under Chapter 13. No motion for turnover was filed by the Debtor within the time fixed by the Procedures Order. However, finally one was filed on December 4, 2001, or more than a year after the entry of the Procedures Order.

In her Motion for Turnover, the Debtor contends that pursuant to 11 U.S.C. § 348(f), she is entitled to the funds paid by her to the Chapter 13 Trustee before the reconversion. In opposition to the Debtor's Motion, the Trustee contends that since the Debtor failed to seek the turnover of the funds held by the Chapter 13 Trustee within the time fixed by the Procedures Order, the Debtor is no longer entitled to the funds, and in any event should be estopped to make a claim to the funds.

11 U.S.C. § 348(f)(1)(A) provides that "property of the estate in the converted case shall consist of property of the estate, as of the date of filing the petition, that remains in possession of or is under the control of the debtor on the date of conversion." This sub-clause was added to Section 348 in 1994 for the purpose of clarifying a split in the case law concerning what property is or is not included in the estate when the debtor converts from a Chapter 13 to a Chapter 7 case. Some courts held that upon conversion, all after acquired properties will be part of the Chapter 7 case. Other courts held that the property of the estate, in a converted case, is the property that the debtor had when the original Chapter 13 was filed and, thus does not include property acquired by the debtor after the commencement of the Chapter 13 case.

According to the Legislative History, this amendment overrules the case of *Matter of Lybrook*, 951 F.2d 136 (7th Cir.1991) and adopts the holding of *In re Bobroff,*

766 F.2d 797 (3d Cir.1985). *See* H.R. Rep. 103–834, 103rd Cong., 2nd Sess. 42–43 (Oct. 4, 1994), U.S.Code Cong. & Admin.News 1994, p. 3323; 140 Cong. Rec. H10770 (Oct. 4, 1994).

 Courts interpreting this amendment have uniformly concluded that funds by the debtor to the Chapter 13 Trustee prior to conversion did not become property of the Chapter 7 estate after conversion. In the case of *In re Young,* 66 F.3d 376 (1st Cir.1995), the court held that the Debtor's post-petition income received after filing the Chapter 13 case and before the conversion did not become property of the Chapter 7 estate but belonged to the debtor. *See also In re Bobroff, supra; In re Sargente,* 202 B.R. 1023 (Bankr.S.D.Fla. 1996); *In the Matter of Gorski, Jr.,* 85 B.R. 155 (Bankr.M.D.Fla.1988).

The 1994 amendment of Section 348 is admittedly designed for the situation of when the case was originally commenced as a Chapter 13 case and later on converted to a Chapter 7 case, the same scenario involved in the cases cited above. In the present instant, the case did not start as a Chapter 13 case but rather as a Chapter 7 case, which later converted to a Chapter 13 case and then reconverted to a Chapter 7 case. This Court is satisfied that notwithstanding this factual difference in the sequence of events, the difference is without distinction, and is of no consequence. Therefore, it does not require a different result. This is especially true for the simple reason that wages earned by a debtor in a Chapter 7 case never become property of the Chapter 7 estate.

 However, in the present instance, the Debtor did not seek a turnover the funds within the time fixed by the Procedures Order, but instead filed the Motion more than a year after. It is the Trustee's contention that the Debtor's failure to comply with the Procedures Order,

entered by this Court, should operate as a forfeiture of the right to a turnover or in the alternative, the Debtor should be estopped to seek a turnover of the funds in question.

Concerning the claim of forfeiture, it should be pointed out that neither the Code nor the Rules specifically authorize the fixing of a bar date for seeking turnover of funds after conversion. It is equally true that in order to assure the expeditious and orderly administration of the Chapter 7 estate after conversion, courts have the inherent power pursuant 11 U.S.C. § 105(a) to fix a bar date. This power, however, does not include a power to abrogate a substantive right granted to a debtor by virtue of Section 348(f)(1)(A). This conclusion, however, should not end the inquiry and does not mandate a disregard of the Trustee's contention. Based on the undisputed facts, the Trustee conducted the administration of the Chapter 7 estate; conducted the rescheduled Section 341 meeting of creditors; employed an attorney; filed a Motion for Turnover of the funds; filed several objections to claims; and filed the required reports in reliance of the assumption that the funds in controversy were subject to administration because the Debtor failed to seek a turnover of the funds.

Based on the foregoing, while this Court is satisfied that the Debtor is entitled to the funds involved, the Trustee is entitled for an allowance on general equitable principles of a quantum meruit basis, to be charged against the funds to be turned over to the Debtor.

Accordingly it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion for Turnover of Chapter 13 Funds be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DE-CREED that the Trustee and/or the Trustee's attorney may file an Application for Compensation if so deemed to be advised within twenty (20) days from the date of the entry of this Order, the same to be served on counsel for the Debtor who shall have a right only to challenge the amount sought within ten (10) days after the service of the Application. If no objection is filed, this Court will enter an appropriate order on the Application without further notice or hearing. It is further

ORDERED, ADJUDGED AND DE-CREED that in the event an objection is filed, this Court will either schedule a hearing with notice or will consider the objection and enter an appropriate order.