**James and Constance TAYLOR Appellants**

v.

**Jerry BURNS, Trustee Appellee.**

**No. CIV.A. 1:04–CV–00098.**

United States District Court, W.D. Kentucky. Bowling Green Division.

Oct. 15, 2004.

John C. Rogers, Glasgow, KY, for Appellants.

Jerry Burns, Bowling Green, KY, pro se.

## OPINION AND ORDER

McKINLEY, District Judge.

This matter is before the Court on Appellants' (James and Constance Taylor) appeal from the bankruptcy court pursuant to Rule 8001 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, this Court **reverses** the decision of the Bankruptcy Court.

On an appeal from a bankruptcy court, a district court applies the "clearly erroneous" standard of review to findings of fact, and reviews questions of law de novo. *In re Gardner*, 360 F.3d 551, 557 (6th Cir.2004). Here, the Court is presented with a question of law, namely: whether tax refunds derived entirely from post-petition wages constitute property of the estate upon conversion from a Chapter 13 bankruptcy filing to a Chapter 7 filing?

Appellants appeal the bankruptcy court's Order to Turnover their 2003 tax refund to the bankruptcy trustee. James and Constance Taylor filed for Chapter 13 Bankruptcy on August 18, 2002. Subsequently, they converted their case to Chapter 7 bankruptcy on January 5, 2004. The property at issue is the appellants' 2003 federal and state income tax refunds. These refunds were derived exclusively from post-petition wages. The bankruptcy court granted the Trustee's Motion for Turnover, stating that pursuant to 11 U.S.C. § 1306, all post-petition earnings and funds that flow from those earnings are considered property of the estate.

Appellants direct the Court to *In re Erchenbrecher*, 85 B.R. 42 (Bankr. N.D.Ohio 1988), a factually similar case in which the court held that pursuant to 11 U.S.C. § 348(a), when a bankruptcy case is converted from one chapter to another "the conversion relates back to the initial filing of the bankruptcy petition, i.e., the commencement of the case, which as provided in Section 541(a), is the date the property of the estate is determined." *Id.* at 44. As evidenced in bankruptcy litigation through much of the 1980s and early

1990s, this determination was an unresolved question until the Bankruptcy Reform Act of 1994, an Act which the Court finds resolves the inquiry here.

Before 1994, courts reached conflicting results over whether property acquired post-petition, yet pre-conversion, belonged in the Chapter 7 estate.[1] Courts also disagreed on whether post-petition wages belonged in the Chapter 7 estate, thereby subject to the trustee. The Bankruptcy Reform Act of 1994 added Section 348(f), resolving a circuit split and providing that a "property of the estate in the converted case shall consist of the property of the estate, *as of the date of filing of the petition,* that remains in the possession of or is under the control of the debtor on the date of conversion[.]" 11 U.S.C. § 348(f)(1) (2000)(emphasis added). This provision has been interpreted as a resolution of the previous confusion. *See In re Stamm,* 222 F.3d 216, 218 (5th Cir.2000). In *Stamm,* the Fifth Circuit definitively held that, absent bad faith, any property or wages "acquired after the Chapter 13 filing and before discharge under Chapter 7 is not part of the converted estate." *Id.* at 217; *See also In re Gregson,* 2003 WL 21230610 (Bankr.M.D.N.C.2003) (debtor's post-petition profits from business were not part of the estate under § 348(f)(1)(A)); *In re Bejarano,* 302 B.R. 559 (Bankr.N.D.Ohio 2003); *See e.g. Farmer v. Taco Bell Corp.,* 242 B.R. 435, 439 (W.D.Tenn 1999); *In re Sargente,* 202 B.R. 1023, 1025 (Bankr. S.D.Fla.1996). Like the Fifth Circuit, this Court finds no interpretation to the contrary.

Notably, tax refunds arising from *pre-petition* earnings or losses are generally considered "property" of the estate, as they are "sufficiently rooted in the bankruptcy past." *Kokoszka v. Belford,* 417 U.S. 642, 94 S.Ct. 2431, 41 L.Ed.2d 374 (1974); *See United States v. Michaels,* 840 F.2d 901 (11th Cir.1988); *See also In re Johnston,* 209 F.3d 611 (6th Cir.2000) (earned income tax credits are included in the property of the bankruptcy estate). Yet in holding that Chapter 7 estates include tax refunds, courts have specifically mentioned that it is the tax refunds stemming from *pre-petition* wages that are included, regardless of when the debtor actually obtains these refunds. *Doan v. Hudgins,* 672 F.2d 831, 832 (11th Cir.1982) (refund checks pro-rated to apportion post-petition portion (only) to debtor's fresh start); *In re Rash,* 22 B.R. 323 (Bankr. D.Kan.1982) (only portion of tax refund property includable in the estate is pre-petition portion); *In re DeVoe,* 5 B.R. 618, 619–20 (Bankr.S.D.Ohio 1980) (As portion of debtor's tax refund attributable to pre-petition withholding is estate property, the debtor was entitled to post-petition withholding and the refund was split by percentage).

Here, the original petition was filed on August 18, 2002, and according to 11 U.S.C. § 348(f)(1)(A), the original filing date is the date that determines the property of the estate in conversion from one Chapter to another. As of the date of filing the petition, no wages had been earned from which taxes were withheld which would give rise to a tax refund in 2003. Since the 2003 tax refunds stem solely from post-petition wages, they are not property of the estate. Based on these facts and for the foregoing reasons, the

---

**1.** See *In re Erchenbrecher,* 85 B.R. at 44; *In re Gorski,* 85 B.R. 155 (Bankr.M.D.Fla. 1988)(post-petition wages were not included as property of the estate); *In re Luna,* 73 B.R. 999 (N.D.Ill.1987)(estate valued at time of original filing); *Matter of Lybrook,* 951 F.2d 136 (7th Cir.1991)(property inherited by the debtor during Chapter 13 case became property of the chapter 7 estate).

Bankruptcy Court's decision granting the Trustee's Motion to Turnover is reversed.