OPINION
AMBRO, Circuit Judge.
Madge and Laurence Rosenberg appeal the District Court’s affirmance of the Bankruptcy Court’s order granting the debtors’ motion to avoid a judicial lien pursuant to 11 U.S.C. § 522(f). For the reasons that follow, we affirm.[1]
I.
Because we write solely for the parties, we will only summarize the convoluted procedural history of this case. In 2002, Madge and Laurence Rosenberg hired Corio Builders — a contracting business owned by John and Holly Corio — to perform construction work on the Rosen-bergs’ home. The Rosenbergs were dissatisfied with the work and sued the Corios in the New Jersey Superior Court in March 2003 for breach of contract and violations of New Jersey’s consumer fraud statute. In the summer of 2005, the Corios and Rosenbergs agreed to settle the case for $7,500. They entered into a Stipulation of Settlement setting forth a schedule for installment payments and providing that, in the event of a default, a $130,000 judgment[2] would be entered against Corio Builders and the Corios individually.
Unbeknownst to the Rosenbergs, the Corios had filed for Chapter 13 bankruptcy protection in the Bankruptcy Court for the District of New Jersey in August 2002 (before they were sued by the Rosenbergs, and before the Corios performed most of the work on the Rosenbergs’ home). When the Corios’ bankruptcy counsel learned of the Rosenbergs’ lawsuit in September 2005, he sent a letter to the Superior Court and counsel for the Rosenbergs informing them of the bankruptcy filing and invoking the automatic stay.
In August 2006 — after the Corios apparently missed a scheduled settlement payment — the Rosenbergs sought relief from the automatic stay to permit them to pursue the entry of judgment against the Corios in state court. The Bankruptcy Court granted that motion. In January 2007, the Corios converted their Chapter 13 case to a Chapter 7 case, and moved the Bankruptcy Court to reimpose the automatic stay. It denied the motion, and again authorized the Rosenbergs to pursue the entry of judgment in state court. In March 2007, the Superior Court entered judgment in favor of the Rosenbergs in the amount of $130,000, and the Rosenbergs obtained a judicial lien on the Corios’ home.
*354 In July 2007, the Rosenbergs filed an adversary proceeding seeking a declaratory judgment that the Corios’ personal liability was not dischargeable, and the judicial lien was valid. In response, the Corios moved to dismiss the Rosenbergs’ adversary complaint, and cross-moved to (a) discharge the Corios’ personal liability and (b) avoid the judicial lien pursuant to 11 U.S.C. § 522(f). In September 2007, the Rosenbergs submitted a letter brief “in Opposition to Debtors’ Motion to Dismiss Adversary Proceeding,” but failed to address the Corios’ cross-motion to avoid the lien pursuant to § 522(f). Instead, the Rosenbergs, relying on our decision in In re Wedgewood, 878 F.2d 693 (3d Cir.1989), argued that the Corios could not discharge their personal liability or avoid the judicial lien because the Bankruptcy Court had never reimposed the automatic stay.
The Bankruptcy Court held a hearing on the Corios’ motion in September 2007, and ruled that their personal liability was dis-chargeable. During this hearing, the Rosenbergs argued for the first time that § 522(f) was inapplicable (aside from the applicability of In re Wedgewood) because the judicial lien did not exist on the date the Corios filed for Chapter 13 bankruptcy. However, because the Rosenbergs had not responded to the Corios’ motion to avoid the judicial lien pursuant to § 522(f), the Court denied the Rosenbergs’ request for an extension of time to file a supplemental letter brief in response to the Cor-ios’ motion, and granted that motion as “unopposed.”
The Rosenbergs timely appealed the Bankruptcy Court’s judgment to the District Court for the District of New Jersey. In September 2008, the District Court (1) affirmed the Bankruptcy Court’s order discharging the Corios’ personal liability (after concluding that In re Wedgewood did not apply), and (2) dismissed without prejudice the portion of the Rosenbergs’ appeal challenging the avoidance of the lien under § 522(f), as the Rosenbergs had failed to file a transcript of the hearing before the Bankruptcy Court. See In re Cono, No. 07-5864, 2008 WL 4372781, at *6 (D.N.J. Sept.22, 2008) (citing Fed. R. Bankr.P. 8001(a)).
The Rosenbergs subsequently filed the hearing transcript and moved to reopen the appeal. In January 2009, the District Court did so, but determined that the Bankruptcy Court had not abused its discretion in granting as unopposed the Cor-ios’ motion to avoid the hen. See In re Cono, No. 07-5864, 2009 WL 78157, at *3 (D.N.J. Jan.9, 2009) (noting that the Rosenbergs “neither discussed Section 522(f) in the[ir] letter brief, nor stated any opposition to — -or even acknowledgment of — [the Corios’] cross motion to avoid [the Rosenbergs’] judicial lien”). Accordingly, the District Court declined to consider the Rosenbergs’ argument regarding the applicability of § 522(f).
The Rosenbergs timely appealed, and challenge the District Court’s affirmance of the Bankruptcy Court’s order granting the Corios’ motion to avoid the judicial lien pursuant to § 522(f).[3]
II.
Though their briefs are not models of clarity, the Rosenbergs appear to argue that because the Bankruptcy Court granted them relief from the automatic stay and denied the Corios’ motion to reimpose the stay after the conversion to Chapter 7, the Court somehow lacked authority to avoid the judicial lien. Relying on our Court’s decision in In re Wedgewood, the Rosenbergs contend that the Bankruptcy Court *355 “[could not] even reach the issue under 11 U.S.C. [§ ] 522(f) unless and until the Court reimpose[d] the automatic stay.”
We struggle (as did the Bankruptcy Court and the District Court) to make sense of the Rosenbergs’ reliance on In re Wedgewood, which concerned an automatic stay that had lapsed by operation of law (when the bankruptcy court failed to hold a hearing on a motion for relief from the automatic stay within the requisite time period). 878 F.2d at 698. We there held that, notwithstanding the lapse of the automatic stay, the bankruptcy court had authority to reinstate the stay by virtue of its injunctive powers under 11 U.S.C. § 105(a). Id. at 699-702. Here, it is undisputed that the Rosenbergs were granted relief from the automatic stay, and that the judgment and resulting judicial lien were not entered in violation of the stay. However, In re Wedgewood did not involve the avoidance of a judicial lien, and the Rosen-bergs have not explained how that decision supports their position that the avoidance of a lien under § 522(f) depends on whether a bankruptcy court has reinstated the automatic stay. In sum, In re Wedgewood is not on point and is thus unavailing to the Rosenbergs.
III.
Aside from their reliance on In re Wedgewood, the Rosenbergs also argue that the judicial lien was not avoidable because 11 U.S.C. § 522(f) does not apply to post-petition judicial liens. As noted, the District Court declined to consider this argument after determining that the Bankruptcy Court had not abused its discretion in granting the Corios’ motion as unopposed. See In re Kaiser Group Int’l Inc., 399 F.3d 558, 565 (3d Cir.2005) (noting the general rule that “when a party fails to raise an issue in the bankruptcy court, the issue is waived and may not be considered by the district court on appeal”). However, the Rosenbergs argue that both the District Court and the Bankruptcy Court erred in characterizing the Corios’ motion to avoid the lien as “unopposed,” given that the Rosenbergs “assertfed] in several separate places” in their letter brief in opposition to the Corios’ motion that “the judgment lien [was] not voidable.”
We agree with the District Court that the Bankruptcy Court did not abuse its discretion in denying the Rosenbergs an extension of time to respond to the Corios’ motion and granting that motion as unopposed. See In re Tower Air, 397 F.3d at 195; see also In re Am. Classic Voyages Co., 405 F.3d 127, 133 (3d Cir.2005) (reviewing bankruptcy court’s denial of an extension of time for creditor to file a proof of claim — including its determination that the creditor had not demonstrated “excusable neglect” for the delay, see Fed. R. Bankr.P. 9006(b)(1) — for abuse of discretion). As the Rosenbergs themselves acknowledge, they advanced no argument specific to § 522(f) in their letter brief; instead, they argued that the Bankruptcy Court could not “use any theory to void [the] judgment lien” because it “never reimposed the stay under Wedgewood.” In these circumstances, that the Rosenbergs timely raised one theory for why the judicial lien was not avoidable does not compel the conclusion that the Bankruptcy Court abused its discretion by declining to consider their alternative theory, raised for the first time during oral argument. Cf. Pichler v. UNITE, 542 F.3d 380, 396 n. 19 (3d Cir.2008) (arguments raised for the first time during oral argument are deemed waived).
Even assuming that the Bankruptcy Court abused its discretion in granting the Corios’ motion as unopposed, the Rosenbergs’ argument nonetheless fails. Section 522(f) provides, in pertinent part:
[T]he debtor may avoid the fixing of a lien on an interest of the debtor in prop *356 erty to the extent that such lien impairs an exemption to which the debtor would have been entitled under subsection (b) of this section, if such lien is—
(A) a judicial lien[.]
11 U.S.C. § 522(f)(1)(A). Though unclear, the Rosenbergs appear to argue that § 522(f) is inapplicable to their judicial lien because (1) the Corios’ entitlement to an exemption must be determined as of the date of filing (rather than the date of conversion), and (2) the judicial lien did not exist at the time the Corios filed for bankruptcy, and thus could not “impair”[4] the Corios’ exemption in their property.
We disagree. The rule that a debtor’s entitlement to an exemption is determined as of the filing date simply means that a debtor generally may not claim an exemption in property that he did not own on the filing date. See 11 U.S.C. § 348(f)(1)(A); see also In re Stamm, 222 F.3d 216, 218 (5th Cir.2000) (“[Pjroperty acquired after the Chapter 13 filing and before discharge under Chapter 7 is not part of the eonvei't-ed estate.”). Here, it is undisputed that the Corios had an interest in their home at all relevant times — i.e., when they filed for bankruptcy, when they convei-ted them case, and when the judicial lien attached to the property. Cf. Farrey v. Sanderfoot, 500 U.S. 291, 296, 111 S.Ct. 1825, 114 L.Ed.2d 337 (1991) (“[Ujnless the debtor had the property interest to which the lien attached at some point before the lien attached to that interest, he or she cannot avoid the fixing of the lien under the tex-ms of § 522(f)(1).”) (emphasis in oi-iginal). Thus, the Coxios were entitled to claim an exemption in their home under § 522(b) and seek to avoid the lien on that property under § 522(f). In any event, the Rosen-bergs have cited no authority — and we are aware of none — -holding that only a judicial lien that exists as of the filing date can be avoided under § 522(f). Cf. In re Vaughan, 311 B.R. 573, 580 (10th Cm. BAP 2004) (rejecting argument that § 522(f) “cannot be utilized by a debtor to avoid a lien that arose post-petition,” and noting that, “[b]y its plain language, [§ 522(f)] contains no qualifications as to when the lien must attach”).
Finally, to the extent the Rosenbergs mean to argue that their judicial lien is not avoidable because it arose from a post-petition claim, we i'eject that argument as well. Though the Rosenbergs’ claim arose after the Corios filed for bankruptcy, the claim is treated as a pre-petition claim once the Corios converted their case. See 11 U.S.C. § 348(d) (“A claim against the estate or the debtor that arises after the order for relief but before conversion in a case that is converted under [Chapter 13] ... shall be treated for all purposes as if such claim had aidsen immediately before the date of the filing of the petition.”) (emphasis added); see also 3 Collier on Bankruptcy ¶ 348.05, at 348-15 (Alan N. Resnick & Henry J. Sommer eds., 15th ed. rev.2009) (noting that § 348(d) “pimvides for special treatment of claims that arise dui’ing a case under chapter 11, 12, or 13 before the case is converted to another chapter”). Thus, the fact that the Rosenbergs’ claim arose after the Corios’ initial bankruptcy petition does not render the resulting judicial lien unavoidable.
* * * * =!= *
*357 In this context, we affirm the District Court’s judgment.

. The District. Court had jurisdiction under 28 U.S.C. § 158(a)(3) over the appeal from the Bankruptcy Court, which had jurisdiction under 28 U.S.C. § 157(b). We have jurisdiction under 28 U.S.C. §§ 158(d) and 1291. Because the District Court sat as an appellate court to review the Bankruptcy Court, we review its legal determinations de novo, its factual findings for clear error, and its exercises of discretion for abuse thereof. In re Tower Air, Inc., 397 F.3d 191, 195 (3d Cir.2005) (citing In re Engel, 124 F.3d 567, 571 (3d Cir.1997)).

. It is not clear from the record how the parties arrived at this amount.

. The Rosenbergs do not challenge the District Court's affirmance of the Bankruptcy Court’s order discharging the Corios' personal liability.

. A lien “impairs” an exemption for purposes of § 522(0 to the extent that the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property, "exceeds the value that the debtor's interest in the property would have in the absence of any liens.” 11 U.S.C. § 522(f)(2)(A). Though die Rosenbergs contend that § 522(0 does not apply to post-petition judicial liens, they do not otherwise dispute that their judicial lien "impairs” the Corios' exemption under this calculus.